IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN LIDELL                                                    PETITIONER

VS.                                         CIVIL ACTION NO. 3:23-cv-189-HTW-FKB

WARDEN, CENTRAL
MISSISSIPPI
CORRECTIONAL FACILITY                                          RESPONDENT

## REPORT AND RECOMMENDATION

John Lidell entered a plea of guilty in the Circuit Court of Hinds County,

Mississippi, to statutory rape.  By order entered November 28, 2005, he was sentenced

to 25 years in the custody of the Mississippi Department of Corrections. He now brings

this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his

guilty plea and sentence.  Respondent has filed a motion to dismiss the petition as

untimely. [7].  Lidell has filed no response to the motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. §

2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Lidell's conviction became final on February 27, 2006, the day his 90-day period for seeking direct review by the United States Supreme Court expired. *See Wallace v. Mississippi*, 43 F. 4th 482 (5th Cir. 2022).  His one-year limitations period began to run that day.  He had one year from that date, or until February 27, 2007, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. Lidell's petition for habeas relief was filed on March 8, 2023.[1]

Lidell has filed several motions for post-conviction relief  (PCR).  However, none was effective to toll the limitations under § 2244(d)(2).  The first was filed as a motion to withdraw his guilty plea.  The motion is not contained in the record and does not appear on the docket.  However, it is clear from the trial court's order denying the requested relief that a motion to set aside the plea was considered and denied.  *See* [7-5].  The order was entered on February 22, 2006 – five days before Lidell's one-year limitations period began to run.  Thus, he is not entitled to statutory tolling for this motion, as a

---

[1]  Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Lidell signed his petition and submitted it for mailing on March 8, 2023.

2

limitations period cannot be tolled before it has begun to run.  *See Walker v. Cain*, No. 3:21-cv-273-CWR-FKB, 2023 WL 2448001 at *2 (S.D. Miss. Jan. 9, 2023).  None of his remaining PCR motions was filed by February 28, 2007.[2]  Thus, his one-year limitations period ran on that date.

Lidell has offered no basis for statutory or equitable tolling of the limitations period.  He does, however, argue in his petition that his petition is exempted from the limitations requirements because he has alleged a denial of his constitutional rights. There is no such exception recognized under AEDPA.  *See Williams v. Shaw*, No. 3:20-cv-778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) (explaining that "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late.")

Lidell's petition is untimely, and he has failed to establish any exception to AEDPA's limitations period.  For these reasons, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636;

---

[2] On March 25, 2007, Lidell signed a PCR motion, which was filed on April 2, 2007; it was denied by the trial court, and his appeal was dismissed for failure to pay costs.  *See* [7-6], [7-8], [7-10].  A PCR motion filed in 2009 was rejected as successive.  *See*  [7-11], [7-12].  His final PCR motion, filed in 2019, was denied as untimely, successive, and without merit.  *See* [7-17], [7-18].

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).

Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 4th day of December, 2023.

s/ F. Keith Ball
United States Magistrate Judge
